**FIRST BANCREDIT CORPORATION, Plaintiff-Appellee, v. GAUDREAU, Admx. et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22768.   Decided June 15, 1953.

Moss & Eckstein, Cleveland, for plaintiff-appellee.
Wm. C. Bracken, for defendants-appellants.

## OPINION

By SKEEL, J:

This appeal on questions of law comes to this Court from a judgment entered for the plaintiff in the Municipal Court of Cleveland.

The action is founded on a cognovit negotiable note, the

interest and discount charges being included in the face value of the note. The note was dated March 18, 1949, and signed by defendants, Eva M. Gaudreau and her husband, Noble P. Gaudreau, now deceased. Noble P. Goudreau died May 4, 1951, and Eva M. Gaudreau was appointed Administratrix of his estate. A judgment by confession was entered against both defendants on December 22, 1949, in the sum of $2521.12. The defendants made 20 payments on the debt evidenced by the note, to plaintiff in the total amount of $1358.00 the last payment being made May 2, 1951. Five payments of $76.40 each were made prior to the date judgment was entered so that on the face of the record the judgment taken was for more than was then due.

On July 28, 1952, the defendants filed a petition to vacate the judgment in which it was alleged (1) that such judgment was taken on a warrant of attorney for more than was due, and (2) that the note upon which judgment was taken was procured by fraud.

On Sept. 3, 1952, the court stayed further proceedings on the judgment, and an answer and cross-petition was filed by leave of court, and praecipe for service on the cross-petition issued. An attempt to make the United States of America a party defendant failed or was refused, although as is shown by the record, the plaintiff sold its judgment to the United States under an F. H. A. insurance agreement on November 5, 1951, the endorsement of the note being:

"All right, title and interest of the undersigned is being assigned (without warranty, except that the note qualifies for insurance) to the United States of America.

Nov. 5, 1951.                    First Bancredit Corporation "

It should be noted, however, that the assignment of the judgment to the United States does not appear of record on the journal of the court.

The defendant's answer alleged that the judgment entered by confession on Dec. 22, 1949, had been assigned to the United States; that Noble P. Gaudreau died May 4, 1951; that Eva M. Gaudreau was appointed and is now acting as Administratrix of his estate and asks that she, as Administratrix, be substituted as a party defendant in his stead. (The court did not enter the Administratrix as a party defendant until January 3, 1953.) The defendants' answer further alleges that the judgment was taken for more than was due; that Joseph L. Newman, who confessed judgment against the defendants under the provisions of the cognovit note, did so without authority; that plaintiff was not a holder in due course because the note is made out to a fictitious person (Midwest Home Improvement Company) and was endorsed by one M.

Schuster whose name does not appear on the face of the instrument and the note bears no other endorsement.

The second defense alleges that defendants delivered the note which is the subject of this action and on which Midwest Home Improvement Company was payee, together with a completion certificate to pay for certain improvements under an F. H. A. financed contract with Midwest Homes Improvement Company, a partnership consisting of M. Schuster and Hugh F. Ennis, the financing to be done through the plaintiff and to be held until the contractor had completed the work, and that the plaintiff secured the contractor's endorsement on said note and paid over the money to the contractor without authority from these defendants and before any part of the work was done. The cross-petition seeks the return of the payments made to plaintiff by defendants under the F. H. A. improvement contract, the debt being evidenced by the note above described, for the reason that the plaintiff wrongfully paid the proceeds of the F. H. A. improvement loan to Midwest Home Improvement Company before the work was done.

Plaintiff's answer to the cross-petition puts in issue all of the defendants' claims, alleging that it is a holder in due course but admitting that its claim was assigned to the United States as alleged by the defendants.

Upon retrial of the issues joined, by the plaintiff's petition and the answer and cross-petition of Eva M. Gaudreau, and Eva M. Gaudreau, as Administratrix of the estate of Noble P. Gaudreau, and the plaintiff's answer to the cross-petition. the court first completely vacated the judgment entered by confession which had been entered on December 22, 1949 and upon considering the evidence taken on rehearing, rendered judgment for the plaintiff on its petition for $1504.00 and found for the plaintiff on defendants' cross-petition.

The defendants claim the following errors:

"1. The court's decision is against the weight of the evidence and is contrary to law.

"2. The court erred in not granting a judgment in favor of the defendants on their cross-petition.

"3. The court erred in overruling defendants' motion for a new trial.

"4. The court erred in admitting evidence over the objection and exception of the defendants.

"5. Other errors occurring at the trial to the manifest prejudice and rights of the defendants."

Under the allegations of the pleadings and the evidence. it is clear that at the time the action was retried, the plaintiff had no right, title or interest in the claim against the de-

fendants set forth in its original petition. It is difficult to understand why the United States was not made a party and how service on the United States could fail, but that is the record so that the court should have entered final judgment for the defendants on plaintiff's petition for the reason that the plaintiff is not the real party in interest, it being noted that such judgment could in no way jeopardize the rights of the United States against the defendants in any action that may subsequently be brought.

The only other question left is as to the judgment for plaintiff on defendant's cross-petition. The basis of defendants' claim is that the plaintiff was not authorized to make the payment of the proceeds of the loan to the contractor until it determined that the work was satisfactorily completed. There is no doubt but that the full amount of the loan, less discount of $2392.00 was paid by plaintiff on March 18th to the contractor and that defendants thereafter repaid $1358.00 to plaintiff on the loan, the first payment being made May 18, 1949, one month after the date of the note, and in the amount of the installment due on that date and the last payment was made May 2, 1951, just two days before the death of Noble P. Gaudreau. During the two-year period these payments were made, defendants knew full well no work had been done to remodel their kitchen.

The defendants introduced into evidence the contract between them and Midwest Home Improvement Company, calling for the kitchen improvements, the work to be done for $2658.00 payable monthly over a period of three years at the rate of $76.40 per month, said contract being dated January 25, 1949. Also executed on the same date was an F. H. A. "cash down payment certificate" showing a down payment of $266.00 signed by the defendants and also by Midwest Home Improvement Company, by M. Schuster, and a credit application under F. H. A. of the same date signed by both defendants. The execution of these papers is admitted. Also introduced by the defendants was a borrowers completion certificate signed by Noble P. Gaudreau and Deslers Completion Certificate, on the opposite side of the same paper signed by Midwest Home Improvement Company by M. Schuster, dated March 18, 1949. The defendants also introduced the note above described as the instrument upon which this action was founded. It is dated March 18, 1949 and signed by both defendants. The execution of these papers are admitted. It is the claim of defendants that these papers were entrusted to a representative of plaintiff who attended their execution at defendants' home and he was to hold them until the work was done. This the plaintiff denies.

The record includes five letters written by Noble P. Gaudreau before his death, seeking extensions of time in which to make payments and explaining defaults, in which letters there is not to be found a single word about plaintiff having breached any promise to either defendant to hold said papers until the work was done.

The failure to claim fraud on the part of the plaintiff at an earlier date, and the making of payments on the debt, even though defendants knew the work had not been done at the time payments were made, is said by the defendants to have been induced because of the fear that unless payments were made by defendant, Noble P. Gaudreau would lose his employment as a U. S. Meat Inspector. This, with all other questions of fact, were submitted to the trial court by the parties.

While the testimony of the parties on the issues is in conflict, we cannot say that the conclusions of the trial court are against the manifest weight of the evidence.

The judgment for plaintiff on defendants' counter-claim is therefore affirmed.

Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, concur.